UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITEDHEALTH GROUP, INC., UNITED HEALTHCARE SERVICES, INC., and OPTUM SERVICES, INC.<br><br>Plaintiffs,<br><br>v.<br><br>TRICIA FRINGER,<br><br>Defendant. | Civil No. 21-113 (JRT/ECW)<br><br>**MEMORANDUM OPINION AND ORDER** |

S. Jamal Faleel, Eugene Hummel, Andrew Crowder, and Jerry W. Blackwell, **BLACKWELL BURKE PA**, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415, for plaintiffs.

Melissa R. Muro LaMere, John Thomas Duffey, Brittany B. Skemp, and Sarah A. Horstmann, **MASLON LLP**, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402, for defendant.

UnitedHealth Group, Inc., United HealthCare Services, Inc., and Optum Services, Inc. (collectively "Plaintiffs"), filed a Motion for Voluntary Dismissal of their action against former employee Tricia Fringer pursuant to Rule of Civil Procedure 41(a)(2). In the alternative, Plaintiffs ask the Court to stay the case pending the parties' arbitration. The Court finds that granting a stay of the federal proceedings while the parties pursue arbitration avoids prejudice to both parties and is in the interest of judicial economy and

1

the preservation of party resources. Accordingly, the Court will deny Plaintiffs' Motion for Voluntary Dismissal but will stay the proceedings pending the parties' arbitration.

## BACKGROUND

### I. FACTUAL BACKGROUND

Defendant Tricia Fringer was previously employed by Optum Services, Inc. ("Optum"), beginning in 2017 as a Vice President, where she led underwriting and analytics strategy for OptumRx, Optum's pharmacy benefit manager branch. (Red. Compl. ¶ 30, Jan. 14, 2021, Docket No. 1; Decl. Tricia Fringer ("Fringer Decl.") ¶ 11, Feb. 9, 2021, Docket No. 40.) In 2018, Fringer was promoted to President of Health Plans & Public Sector Markets at OptumRx, where she led sales and client management for those business groups. (Red. Compl. ¶ 30; Fringer Decl. ¶ 13.) She held this position until her resignation in December 2020. (Red. Compl. ¶ 30; Fringer Decl. ¶ 4.)

During Fringer's employment with Optum, she signed several agreements with Optum and Optum's affiliates, UnitedHealth Group, Inc. ("UHG") and United HealthCare Services, Inc. ("United"), including an Employment Agreement and later eight separate conditional agreements in exchange for UHG stock awards. (Red. Compl. ¶¶ 48–50.) Each agreement contains restrictive covenants that apply to UHG and its affiliates, including Optum and United. (*See, e.g.*, Red. Decl. Jon Mahrt, ¶ 5, Red. Ex. 1 ("Employment Agreement") § 5, Jan. 14, 2021, Docket No. 16-1); Decl. S. Jamal Faleel, ¶ 4, Red. Ex. 2 ("Option Award") § 4, Jan. 14, 2021, Docket No. 15; Red. Compl. ¶¶ 48, 52.) Fringer's

2

Employment Agreement also incorporates UHG's Employment Arbitration Policy. (Employment Agreement § 6.G; Decl. Andrew J. Crowder, ¶ 3, Ex. 1 ("Arbitration Policy") § B, Mar. 4, 2021, Docket No. 80.)

In 2020, Fringer accepted a position as Senior Vice President and President of National Accounts at Anthem, Inc. ("Anthem"), a company that competes with Plaintiffs in the health plan coverage market. (Red. Compl. ¶¶ 8, 17–20.) On November 30, 2020, Fringer verbally informed Optum executives that she intended to resign and submitted a formal written resignation on December 10, 2020. (*Id.* ¶ 55.)

## II.   PROCEDURAL BACKGROUND

On January 14, 2021, Plaintiffs filed a Complaint, alleging four counts against Fringer: (1) Breach/Anticipatory Breach of Contract as Third-Party Beneficiary; (2) violation of the Defend Trade Secrets Act (18 U.S.C. § 1836); (3) violation of the Minnesota Trade Secrets Act (Minn. Stat. § 325C.01 *et seq.*); and (4) violation of the Delaware Uniform Trade Secrets Act (6 De. Code § 2000 *et seq.*). (*Id.* ¶¶ 79–114.) Plaintiffs contemporaneously filed a Motion for a Preliminary Injunction, requesting that the Court enjoin Fringer from continuing her role at Anthem, or any other role that would violate her Employment Agreement or restrictive covenants, and enjoin Fringer from disclosing any of Plaintiffs' trade secrets or other confidential information. (Mot. Prelim. Inj., Jan. 14, 2021, Docket No. 10.) Fringer opposed the Motion.

The Court held a status conference with the parties on January 29, 2021, and subsequently granted a temporary restraining order enjoining Fringer from using or disclosing Plaintiffs' trade secrets or confidential information to Anthem or any other party. (TRO, Feb. 1, 2021, Docket No. 29; Minute Entry, Jan. 29, 2021, Docket No. 33.) Fringer then filed an Answer. (Sealed Answer, Feb. 11, 2021, Docket No. 43.)

On February 16, 2021, Plaintiffs filed a Motion for Expedited Discovery related to their Preliminary Injunction Motion. (Mot. Exped. Discovery, Feb. 16, 2021, Docket No. 54.) The Preliminary Injunction and Expedited Discovery Motions were scheduled to be heard on February 22, 2021. (Am. Not. Hr'g, Feb. 9, 2021, Docket No. 38.). However, on February 22, Plaintiffs notified the Court that they intended to voluntarily dismiss their lawsuit against Fringer and pursue arbitration instead. (Pls.' Ltr., Feb. 22, 2021, Docket No. 72.) Fringer opposed this request and declined to stipulate to the dismissal. (Def.'s Ltr., Feb. 22, 2021, Docket No. 74.) Plaintiffs then withdrew their Motion for Expedited Discovery, (Not. Withdrawal, Feb. 24, 2021, Docket No. 75), and moved to dismiss their Complaint, (Mot. Dismiss, Mar. 4, 2021, Docket No. 76).

Fringer filed a Motion to Stay Arbitration in this Court, (Mot. Stay Arb., Apr. 1, 2021, Docket No. 91), and with the American Arbitration Association ("AAA"), (2nd Decl. Gene Hummel ("2nd Hummel Decl.") ¶ 3, Sealed Ex. 1, Apr. 8, 2021, Docket No. 99). The AAA suspended the arbitration for 60 days. (2nd Hummel Decl. ¶ 6, Sealed Ex. 4 ("AAA Ltr."), Apr. 8, 2021, Docket No. 99-3.) Fringer withdrew her Motion to Stay Arbitration on May

12, 2021, and arbitration proceedings commenced shortly thereafter. (Not. Withdrawal, May 12, 2021, Docket No. 107; *see* Suppl. Decl. Jamal Faleel ¶ 3, Sealed Ex. 1, June 10, 2021, Docket No. 112.) Fringer continues to oppose Plaintiffs' efforts to voluntarily dismiss this action.

## DISCUSSION

Rule of Civil Procedure 41(a)(2) provides that after an opposing party has served an answer or motion for summary judgment, the plaintiff may voluntarily dismiss the action only by court order, unless the parties have stipulated to dismissal. Fed. R. Civ. P. 41(a)(1)–(2). "[A] dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court." *Great Rivers Coop. of SE Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (quotation omitted). In assessing a Rule 41(a)(2) motion, the court considers "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (quotation omitted). A party is not permitted to voluntarily dismiss an action only to escape an adverse decision or pursue resolution in a more favorable forum. *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

Because the parties are currently engaged in arbitration, the Court also considers the provisions of the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. §§ 1–16. Section 3 of


the FAA generally requires a federal court to stay an action pending arbitration rather than dismiss it, although district courts have discretion to dismiss an action where it is clear that the entire controversy will be resolved in arbitration. *See Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–70 (8th Cir. 2011).

The Court recognizes that the facts here are atypical—often a defendant seeks to dismiss the action while the plaintiff favors a stay pending arbitration; here, however, Plaintiffs urge the Court to dismiss this action so that they may arbitrate their dispute with Fringer. As an alternative, Plaintiffs request that the Court stay the proceedings, recognizing that the Court need not dismiss the action for the parties to pursue relief in arbitration. (*See* Pls.' Mem. Supp. Mot. Dismiss at 16–17, Mar. 4, 2021, Docket No. 78.)

Because Fringer has opposed dismissal and has consistently raised doubts about both the arbitrability of the entire dispute and Plaintiffs' motivations for seeking to dismiss this action, the Court cannot be certain that arbitration will resolve the entirety of the controversy between the parties. Should the parties determine during the arbitration proceeding that the scope of UHG's Arbitration Policy and the arbitration clause in Fringer's Employment Agreement do not reach all of the disputed issues, or that lingering controversies remain with regard to Fringer's departure from Optum and employment with Anthem even after arbitration, the Court finds that is more efficient for the parties to return to the forum where the action originated and resolve the matter here, as the Court is already familiar with the factual contours and procedural posture of

the FAA generally requires a federal court to stay an action pending arbitration rather than dismiss it, although district courts have discretion to dismiss an action where it is clear that the entire controversy will be resolved in arbitration. *See Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–70 (8th Cir. 2011).

The Court recognizes that the facts here are atypical—often a defendant seeks to dismiss the action while the plaintiff favors a stay pending arbitration; here, however, Plaintiffs urge the Court to dismiss this action so that they may arbitrate their dispute with Fringer. As an alternative, Plaintiffs request that the Court stay the proceedings, recognizing that the Court need not dismiss the action for the parties to pursue relief in arbitration. (*See* Pls.' Mem. Supp. Mot. Dismiss at 16–17, Mar. 4, 2021, Docket No. 78.)

Because Fringer has opposed dismissal and has consistently raised doubts about both the arbitrability of the entire dispute and Plaintiffs' motivations for seeking to dismiss this action, the Court cannot be certain that arbitration will resolve the entirety of the controversy between the parties. Should the parties determine during the arbitration proceeding that the scope of UHG's Arbitration Policy and the arbitration clause in Fringer's Employment Agreement do not reach all of the disputed issues, or that lingering controversies remain with regard to Fringer's departure from Optum and employment with Anthem even after arbitration, the Court finds that is more efficient for the parties to return to the forum where the action originated and resolve the matter here, as the Court is already familiar with the factual contours and procedural posture of

the case. The Court further finds that staying rather than dismissing the proceedings avoids prejudice to both parties and preserves judicial and party resources by avoiding duplicative efforts in federal court.

The Court will therefore exercise its discretion to stay this action pending arbitration in lieu of dismissing the claims. However, should the parties agree that arbitration has effectively resolved the entire dispute, they may jointly stipulate to dismissal of this action in accordance with Rule 41(a)(1)(A)(ii).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Voluntary Dismissal [Docket No. 76] is **DENIED**.

**IT IS FURTHER ORDERED** that all proceedings in the action are **STAYED** until further order of the Court. The Court will retain jurisdiction over any claims that arise from this action and are beyond the scope of the pending arbitration.

DATED: August 19, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court